IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD HEFFELFINGER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ECOPAX, INC. | : | NO. 13-2476 |

MEMORANDUM

McLaughlin, J.                                              May 7, 2015

      This employment discrimination action arises from a decision by the defendant, Ecopax, Inc. ("Ecopax") to terminate the employment of the plaintiff, Reginald Heffelfinger. Heffelfinger has alleged that Ecopax's actions were taken on account of his age in violation of the Age Discrimination and Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). Ecopax has moved for summary judgment on Heffelfinger's claims, arguing that Heffelfinger was not terminated because of his age, but rather because he came to work intoxicated on multiple occasions. The Court will grant the defendant's motion for summary judgment.

1

I.   <u>Summary Judgment Record</u>[1]

On June 22, 2009, 48-year-old Heffelfinger was hired by Ecopax to work as an electrical engineer in its production facility; his primary responsibilities included managing the facility and its equipment.  Approximately four months after he was hired, Heffelfinger – still 48-years-old – was fired by Ecopax.  Heffelfinger Tr. 14:15-16:10, 17-21-25; Chihming Wong Tr. 8:4-17.

Ecopax cited Heffelfinger's workplace intoxication as the reason for his termination.  Specifically, the October 20, 2009 termination letter from Ecopax to Heffelfinger cited its belief that on two occasions Heffelfinger had: (1) consumed alcohol prior to his shift and (2) operated machinery while under the influence of alcohol.[2]  The letter concluded that the

---

[1]    On a motion for summary judgment, the Court considers the evidence in the light most favorable to the non-moving party. <u>Tolan v. Cotton</u>, 134 S.Ct. 1861, 1866, (2014). The facts set forward herein are undisputed unless otherwise noted.

[2]    Wong testified that she had smelled alcohol on Heffelfinger's breath at the Ecopax facility during working hours.  Chihming Wong testified that on a separate occasion he had confronted Heffelfinger on a Saturday because he believed he was intoxicated and asked Christina Wong to call Heffelfinger's wife.  Christina Wong Tr. 23:3-25:22.

On September 19, 2009, at 3:23 a.m. Heffelfinger was arrested on DUI charges; his blood alcohol level was .25, more than three times the legal limit.  As a result of the incident, Heffelfinger's driver's license was suspended.  Heffelfinger Tr. 61:7-62:5, 64:12-65:15.

termination was non-negotiable due to the "severity of the offense and frequency of repetitive offenses."  Christina Wong, Ecopax's vice president of operations, made the decision to terminate Heffelfinger in consultation with Chihming Wong, Ecopax's chief executive officer.  Heffelfinger denies that he was ever intoxicated at work.  Def. Ex. B; Heffelfinger Tr. 51:17-21, 52:3-54:3, 54:13-57:2, 59:4-60:23;  Chihming Wong Tr. 6:21-7:6, 11:12-19; Christina Wong 19:5-20:20, 23:3-25:22.

       According to Heffelfinger, the environment at Ecopax became "hostile" in July 2009, after about one month of his employment there.  Specifically, he was told by Christina Wong that he was not working enough overtime hours.  In or around September 2009, Heffelfinger began to feel that he was "being segregated out of meetings" in favor of Raphael Fernandez, an employee of Irwin Machinery and a consultant at Ecopax. Heffelfinger also testified that he felt he was being "pushed out" of Ecopax because of his seizure disorder.[3]  Heffelfinger Tr. 18:10-19:2, 22:6-24:10, 25:6-29:10, 37:23-38:23; Christina Wong Tr. 7:15-22.

---

[3]    Heffelfinger has a seizure disorder and had a seizure at the Ecopax facilities in September 2009.  Heffelfinger Tr. 38:16-23.

Heffelfinger recalled one incident during his time at Ecopax in which Christina Wong commented on his age.[4] During the repair process for a piece of malfunctioning equipment, Christina Wong said to Heffelfinger "you're just getting too old and you don't remember," referring to equipment repair instructions Heffelfinger had received from Fernandez.[5] Heffelfinger testified that Christina Wong made other comments about his age on fewer than five occasions, but he could not recall the comments.  Heffelfinger Tr. 34:14-35:25.

Chihming Wong testified that Fernandez replaced Heffelfinger; Fernandez was approximately 56-years-old at the time Heffelfinger was terminated.  Heffelfinger, in contrast, testified that he was told by Ecopax's "outside vendors" that Carlos Perez – an Ecopax employee who was younger than Heffelfinger – took over Heffelfinger's vendor liaison responsibilities.  Heffelfinger could not recall who shared this information with him.[6] According to Christina Wong, Perez did not take over any of Heffelfinger's duties; Chihming Wong testified that Perez did "not know electrical things" and had a

---

[4]     Heffelfinger testified that the comments about his age began after he had a seizure in September 2009.  38:16-39:3.
[5]     Christina Wong did not recall this incident and testified that she never discussed Heffelfinger's age. Christina Wong Tr. 66:8-18.

[6]     Heffelfinger's testimony does not create a dispute of material facts because it is inadmissible hearsay and not the product of personal knowledge.  Fed. R. Evid. 602, 802.

"very different" job from Heffelfinger. Heffelfinger Tr. 49:3-51:6; Christina Wong Tr. 16:14-20; Chihming Wong Tr. 20:4-19; Fernandez Tr. 8:23-25; 11:7-17.

II.  Analysis[7]

In its motion for summary judgment, Ecopax argues that Heffelfinger has failed to present either direct or circumstantial evidence of age discrimination. The Court agrees that there are no genuine issues of material fact as to the plaintiff's claims and grants Ecopax's motion for summary judgment.

A.  Heffelfinger's ADEA Claim

The ADEA makes it unlawful for an employer to take adverse action against an employee who is at least forty years old because of his age. 29 U.S.C. §§ 623(a), 631(a). To establish a violation of the ADEA, the plaintiff must prove that

---

[7]     Under Federal Rule of Civil Procedure 56, a party moving for summary judgment must show that there is no genuine issue as to any material fact and that judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the nonmoving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48.

his age had a "determinative influence on the outcome. To establish a disparate-treatment claim under the plain language of the ADEA, therefor, a plaintiff must prove that age was a 'but-for' cause of the employer's adverse decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009).

A plaintiff can meet this burden in one of two ways: either with direct evidence of discrimination or indirect evidence of discrimination that satisfies the McDonnell Douglas Corp. v. Green burden-shifting framework. Smith v. City of Allentown, 589 F.3d 684, 690-91 (3d Cir. 2009)(finding that the but-for causation standard of Gross does not conflict with the burden-shifting provided for in McDonnel Douglas Corp. v. Green, 411 U.S. 792 (1973)). Heffelfinger has failed to meet this burden through either avenue.

1. The Summary Judgment Record Does Not Contain Any Direct Evidence of Age-Based Discrimination

Proving discrimination by direct evidence is a "high hurdle" that requires "evidence of discriminatory attitudes about age that that were causally related to" the adverse employment decision. Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 512 (3d Cir. 2004). To survive a motion for summary judgment, the plaintiff must present evidence from which a reasonable jury could conclude that age was the "but-for" reason

for the adverse employment action; the ADEA does not authorize a mixed-motivation age discrimination claim. <u>Gross</u>, 557 U.S. at 175-78.

No reasonable jury could find that age discrimination was the but-for cause of Heffelfinger's termination because the summary judgment record contains no direct evidence of age-based discrimination. The only evidence of age-related discussion is Christina Wong's comments that Heffelfinger was forgetful due to his age. Even assuming that Christina Wong's comments could support the inference of age-related bias, the summary judgement record contains no evidence that the comments were causally related to Christina Wong's decision to terminate Heffelfinger's employment.

    2.    <u>The McDonnell Douglas's Burden Shifting Framework</u>

If a plaintiff fails to present direct evidence of age-based discrimination, he must present circumstantial evidence under the framework established in <u>McDonnel-Douglas Corp</u>. Under the <u>McDonnell-Douglas</u> framework, once a plaintiff establishes a prima facie case of discrimination through circumstantial evidence, the burden of production shifts to the defendant employer to provide a legitimate, nondiscriminatory reason for the employer's adverse employment decision. <u>Smith v. City of Allentown</u>, 589 F.3d 684, 689-90 (3d Cir. 2009). If the

employer provides a legitimate, non-discriminatory reason, "the burden of production shifts once again to the employee to establish that the employer's proffered justification for the adverse action is pretextual."  Id. at 691 (citing Tex. Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 254-55 (1981)).

To establish a prima facie case of age discrimination under the ADEA, the plaintiff must demonstrate that: (1) he was forty years of age or older; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus.  Smith, 589 F.3d at 689.

The summary judgment record does not contain sufficient evidence to support the fourth element required to establish a prima facie case: that Heffelfinger was replaced with a "sufficiently younger" employee.  At the summary judgment stage, the Court may only consider evidence that would be admissible at trial.  The Court cannot consider hearsay statements absent an applicable exception, and the Court cannot consider statements made without personal knowledge.  Smith, 589 F.3d at 693; Fed. R. Evid. 602, 802.  In this case, the only evidence that Heffelfinger was replaced by someone "sufficiently younger to support an inference of discriminatory animus" are

8

hearsay statements by unnamed Ecopax contractors that Perez was filling some of Heffelfinger's responsibilities.

Even assuming, however, that Heffelfinger was able to establish a prima facie case of age discrimination, the summary judgment record contains no evidence that Ecopax's stated reason for Heffelfinger's termination – his at-work intoxication – was pretextual.

The employer's burden of production under the McDonnell-Douglas framework is "relatively light" and is satisfied by the production of evidence that, if true, supports a conclusion that the adverse employment action was taken for a non-discriminatory reason." Burton v. Teleflex, Inc., 707 F.3d 417, 426 (3d Cir. 2013).

To make a showing of pretext sufficient to defeat summary judgment, the plaintiff "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely that not a motivating or determinative cause of the employer's action." Burton, 707 F.3d at 427 (quoting Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)). To discredit the employer's justification for termination, the plaintiff must do more than "simply show that the employer's decision was wrong or mistaken, since the factual

dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." Fuentes, 32 F.3d at 765.

Heffelfinger has argued that he was not actually intoxicated on the job. Whether he was in fact intoxicated, however, is not determinative of pretext. Rather, the relevant inquiry is whether Ecopax used claims of his intoxication as a pretext for his termination. The summary judgment record contains no evidence from which a jury could find that discriminatory animus actually motivated Ecopax's termination decision.

Further, Heffelfinger was 48-years-old both at the time he was hired by Ecopax and the time his employment was terminated by Ecopax. That Ecopax was willing to recruit and hire Heffelfinger at age 48 strongly suggests that his age – 48 – was not the reason for his termination.[8]

B. Heffelfinger's PHRA Claim

The PHRA is to be interpreted identical to federal anti-discrimination law unless there is a specific difference in the language that requires different interpretation. See Fasold

---

[8] Heffelfinger himself testified to two other possible non-discriminatory bases for his termination: his unwillingness to work the overtime hours requested by Christina Wong and his criticism of Chihming Wong's safety practices.

10

<u>v. Justice</u>, 409 F.3d 178, 184 n.8 (3d Cir. 2005). The ADEA contains no language requiring a different interpretation. The Court, therefore, grants Ecopax's motion for summary judgment as to Heffelfinger's PHRA claim.

An appropriate order shall issue.